# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JESSIE L. BLOUNT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 20-0182-WS-N |
| | ) |
| THE COE MANUFACTURING CO., | ) |
| | ) |
| Defendant. | ) |

## ORDER

This action was recently removed to federal court on the basis of diversity of citizenship. "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Because, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue," it "should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Upon initial review, it appears that the notice of removal fails adequately to establish complete diversity or the requisite amount in controversy.[1]

The notice of removal alleges that the plaintiff is a "resident" of Alabama. (Doc. 1 at 3). "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). An allegation of residence but not citizenship exposes a complaint to dismissal for want of subject matter jurisdiction. *Beavers v. A.O. Smith Electrical Products Co.*, 265 Fed. Appx. 772, 778 (11th Cir. 2008).

---

[1] "[T]he burden of establishing removal jurisdiction rests with the defendant seeking removal." *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013).

Because the notice of removal asserts only the plaintiff's residence as of the time of removal,[2] and not his citizenship, it does not assert complete diversity of citizenship.[3]

The amended complaint, (Doc. 1-1 at 139-45), alleges that the plaintiff's glove got caught in a machine manufactured, designed and/or installed by the defendant. His right ring finger was injured, requiring amputation of the joint at the hospital, apparently immediately after the incident. His damages include loss of a portion of his finger, pain and suffering, lost wages, mental distress, and medical expenses. The plaintiff seeks compensatory and punitive damages of an unstated amount. According to the defendant, it is clear from the face of the complaint that the amount in controversy exceeds $75,000, exclusive of interest and costs. (Doc. 1 at 5). In the alternative, the defendant asserts that the notice of removal and associated evidence establishes the jurisdictional amount in controversy by a preponderance of the evidence. (*Id*. at 6-7). The Court is not persuaded.

The only case on which the defendant relies for the proposition that the face of the complaint establishes the requisite amount in controversy, (Doc. 1 at 5), involved much more detailed allegations than are provided in the instant pleading. The defendant does not acknowledge or address *Williams v. Best Buy Co.*, 269 F.3d 1316 (11th Cir. 2001), where it was held that allegations the plaintiff tripped over a curb and suffered permanent physical and mental injuries, incurred substantial medical expenses, suffered lost wages, experienced a diminished earning capacity, and would continue to suffer these damages in the future, along

---

[2] "[D]iversity jurisdiction is determined … at the time of removal." *Thermoset Corp. v. Building Materials Corp. of America*, 849 F.3d 1313, 1317 (11th Cir. 2017) (internal quotes omitted).

[3] "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (defining "domicile").

with a demand for both compensatory and punitive damages, did not render it facially apparent that the amount in controversy exceeded $75,000. *Id*. at 1318, 1320. The defendant, citing *Roe v. Michelin North America, Inc*., 613 F.3d 1058 (11th Cir. 2010), properly encourages the Court to employ common sense, (*id*. at 3), but it does not explain how common sense establishes the amount in controversy from the face of the complaint. Nor does the defendant come to grips with the decisions of three judges within the Eleventh Circuit, all acknowledging *Roe* and all ruling that a complaint alleging digital amputation did not on its face establish the amount in controversy. *See Payne v. J.B. Hunt Transport, Inc*. 154 F. Supp. 3d 1310, 1313-14 (M.D. Fla. 2016) (Moody, J.) (left big toe amputation); *Ragle v. Black & Decker (U.S.) Inc*., 2019 WL 2521847 at *1-2 (M.D. Fla. 2019) (Covington, J.) (partial middle finger amputation); *Jennings v. Powermatic*, 2013 WL 6017313 at *1-3 (M.D. Fla. 2013) (Corrigan, J.) (right index finger amputation).

The Court therefore looks to the evidence submitted by the defendant. The subject incident occurred on the job in November 2017. The plaintiff received medical treatment from two physicians and reached maximum medical improvement in March 2018, without restrictions. In November 2019, the plaintiff settled his worker's compensation claim – including all indemnity, mental, vocational, rehabilitation and medical aspects, past, present and future – for $4,000. As of that date, the plaintiff had received all necessary medical and surgical treatment, and he did not suffer from any latent injury from his employment. The plaintiff apparently received medical care and temporary total disability benefits in addition to the lump sum, as to which the employer is subrogated. (Doc. 1-1 at 127-30).

Several things are clear, apparent or suggested by this information. First, that the plaintiff had limited medical treatment or expense after the day-of-injury amputation and needs no additional treatment. Second, that he was able to return to work shortly after the incident, without vocational rehabilitation or retraining.

Third, that the plaintiff did not value those damages compensable by his employer particularly dearly. The defendant's evidence, in other words, undermines rather than supports the proposition that more than $75,000 is in controversy.

For the reasons set forth above, the defendant is **ordered** to file and serve, on or before **April 3, 2020**, a supplement to its removal papers that adequately demonstrates the existence of diversity jurisdiction, failing which this case will be remanded to state court without further notice.

DONE and ORDERED this 25th day of March, 2020.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE